**Shawn F.S. SMITH, Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant–Appellee.**

**No. 01–2881.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 25, 2002 *.

Decided March 4, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before CUDAHY, ROVNER, and EVANS, Circuit Judges.

### ORDER

Shawn Smith appeals the grant of summary judgment in favor of his former employer, American Airlines, Inc. (American), in his racial discrimination and retaliatory discharge action, filed after he was terminated for insubordination and threatening a coworker. Because the district court correctly granted summary judgment on both of his claims, we affirm.

Smith, an African American, worked as a fleet service crew chief for American at O'Hare Airport in Chicago. In 1996 he was disciplined for failing to verify whether his crew had loaded a shipment of mail onto an outgoing flight. A written disciplinary notice was placed in his file after that incident. Several months later Smith apparently had an upsetting conversation with a "Supervisor Sedlack" (the record is unclear as to the details), and in September 1997 Smith wrote a letter to American, complaining that the company racially discriminated against African Americans and consisted of a "good old boys" network. It appears that no formal action was taken with respect to Smith's letter.

On December 10, 1997, Smith was working his usual shift when a customer service manager, Mark Behrendsen, told him to load "advance" bags onto a flight. Smith refused. After Behrendsen repeatedly directed him to comply, Smith eventually loaded the bags. Smith states that he then called American's human resources department to complain that Behrendsen was giving him unnecessary instructions that day.

Shortly thereafter, a different customer service manager, Dave Ellis, instructed Smith to follow Behrendsen's orders and load all "advance" bags for the remainder of the day. Smith responded by using obscene language and calling Ellis, who is also African American, a "lying bastard," "a coon," and an "Uncle Tom." Smith then lunged at Behrendsen and backed him up against a wall. When Ellis asked Smith to hand over his employee identification and keys, Smith announced to Ellis and Behrendsen that "if anybody is going to touch me, I'm going to kill them." In response

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

to American's motion for summary judgment, Smith admitted that he cursed at Ellis and that he threatened both Ellis and Behrendsen.

Five days later, on December 15, 1997, American terminated Smith for failing to follow its employee conduct rules. In its written notice of termination, American cited Smith's violation of Rule 7 (Insubordination) and Rule 32 (Threatening Employees). Smith challenged his termination through his union's grievance process, but an adjustment board found that American had "just cause" to fire Smith due to his abusive and threatening behavior.

In 1998 Smith filed a charge of racial discrimination and retaliation with the EEOC and was issued a right-to-sue letter. He then timely filed this complaint, alleging racial discrimination and retaliatory discrimination. The district court granted American's motion for summary judgment, concluding that Smith failed to establish a prima facie case on either of his claims. The district court also determined that even if Smith had presented a prima facie case on either claim, he did not demonstrate that American's reasons for terminating him were pretextual. We review the grant of summary judgment de novo and draw all inferences in favor of Smith. *See Logan v. Kautex Textron N. Am.*, 259 F.3d 635, 638 (7th Cir.2001).

On appeal Smith challenges the district court's conclusion that he had not established a prima facie case of on either of his claims. Under the familiar *McDonnell–Douglas* burden shifting analysis, however, even if Smith is correct that he did establish a prima facie case of racial discrimination and retaliation, American offered two legitimate, non-discriminatory reasons—insubordination and threatening a coworker—for his termination. Therefore, the burden shifted to Smith to prove that

American's given reasons for terminating him are pretextual. *See Curry v. Menard*, 270 F.3d 473, 477 (7th Cir.2001). But Smith offered no evidence to suggest that American did not honestly believe he committed the violations of company rules that it listed for his termination. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.2000) (defining pretext as "a dishonest explanation, a lie rather than an oddity or an error"). Because Smith did not show that American's reasons for his termination were pretextual, the district court properly granted summary judgment on both claims.

Accordingly, the judgment of the district court is AFFIRMED.